HIRAM W. FOLTZ, Administrator of Almon Leach, deceased, Plaintiff in Error, v. THOMAS PROUSE, Defendant in Error.

### ERROR TO JO-DAVIES.

Prouse sued Leach in debt upon a judgment recovered in California. Leach pleaded *nil debet* and *nul tiel record;* upon the last plea, the judgment was for Leach. Subsequently Leach died, and the same claim was presented before the probate court and allowed; on appeal to the circuit court the decision of the probate court was affirmed: — *Held,* that the finding of the court upon the plea of *nul tiel record* precluded Prouse from maintaining his action against the administrator of Leach.

THE opinion of the court gives a statement of the case. The judgment complained of was rendered by SHELTON, Judge, at November term, 1853, of the Jo-Davies Circuit Court.

HIGGINS. & STROTHER, for plaintiff in error.

M. Y. JOHNSON, for defendant in error.

TREAT, C. J. The important facts of this case are these. In February, 1852, Prouse sued out of the Jo-Davies circuit court an attachment against Leach. The declaration was in debt upon a judgment for $2,446, recovered by Prouse against Leach, on the 11th of December, 1851, in the district court of the county of Sacramento, and State of California. Leach entered his appearance, and pleaded *nil debet,* and *nul tiel record.* An entry was made in the cause, on the 28th of August, 1852, in these words: "Now come the parties, by their attorneys, and by agreement they submit to the court the issue joined upon the plea of *nul tiel record*; and the court, after hearing the evidence, and after inspection of the papers and due deliberation, finds the issue for the defendant." The following entry was made on the 31st of the same month : " The defendant by his attorney, comes and moves the court for judgment, upon the finding of the court upon the issue joined upon the plea of *nul tiel record,* heretofore entered; it is therefore considered by the court, that the defendant have and recover of the plaintiff his costs by him about his defence in this behalf expended, and that execution issue therefor." Another entry was made in December, 1852, as follows: " On motion of the defendant, by his attorney, and upon the finding of the court at the last term herein, it is con-

sidered by the court, that the plaintiff take nothing by his writ herein, and that the defendant go without day."

Leach departed this life in September, 1852, and in November following Foltz was appointed administrator of his estate. In November, 1853, Prouse exhibited the record of the judgment recovered in California, as a claim against the estate of Leach. The probate court allowed the claim, and ordered it to be paid in the due course of administration ; and the administrator prosecuted an appeal to the circuit court. On the trial of the appeal, the plaintiff read in evidence the record of a judgment, corresponding precisely with the one described in the declaration in the attachment case. The administrator then introduced the record and proceedings of the attachment case, and relied on the finding and judgment therein, as a bar to any further suit on the judgment rendered in California. On this state of case, the circuit court affirmed the judgment of the probate court; and the administrator has sued out a writ of error from this court.

The first action on the judgment, though commenced by attachment, must be considered as a suit *in personam.* ·

Leach entered a general appearance therein, and pleaded to the merits. From that time the suit proceeded as if commenced by summons. If the issue had been found for the plaintiff, judgment would have been entered against Leach personally. A finding and judgment in favor of Leach must be equally binding on the plaintiff. The two first entries made in that case, to say nothing of the third, show a finding and judgment for Leach upon the issue of *nul tiel record.* The question therefore is, whether that finding and judgment precluded the plaintiff from maintaining the action against the administrator. It is entirely free from doubt. The two suits were brought on the same cause of action. The declaration in the first was on the identical judgment, upon which the plaintiff claimed to recover in the last. The subject-matter of the two actions was one and the same. If that subject-matter was passed upon in the first case, it could not be inquired into in the second. A matter once finally determined, cannot be again litigated between the same parties. The policy of the law forbids a renewal of the controversy. In the former action, the plea of *nul tiel record* directly put in issue the existence of the judgment. It referred the question to the court, whether there was such a judgment as the plaintiff had alleged. The court found that there was no such record ; and the judgment entered upon that finding effectually concluded the plaintiff from maintaining the second action. It was a solemn adjudication of the question

submitted to the court. It conclusively established the fact that there was no such record as the plaintiff had described. It estopped him from again making the same allegation. The law of the case is too plain to require a citation of the authorities. The circuit court clearly erred in affirming the judgment of the probate court.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*